Patrick G. Byrne, Esq.
Nevada Bar No. 7636
Dawn Davis, Esq.
Nevada Bar No. 13329
SNELL & WILMER
1700 South Pavilion Center Drive, Suite 700
Las Vegas, NV 89135
Telephone:  (702) 784-5275
Facsimile:  (702) 784-5252
Email: pbyrne@swlaw.com
        ddavis@swlaw.com

Bethany Biesenthal, Esq. (*Pro Hac Vice Forthcoming*)
Alisann Anderson, Esq. (*Pro Hac Vice Forthcoming*)
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL  60606
Telephone:  (312) 782-3939
Facsimile:  (312) 782-8585
Email: bbiesenthal@jonesday.com
        akanderson@jonesday.com

Nicole Perry, Esq. (*Pro Hac Vice Forthcoming*)
JONES DAY
717 Texas Street, Suite 3300
Houston, TX 77002
Telephone:  (832) 239-3939
Facsimile:  (832) 239-3600
Email: nmperry@jonesday.com

*Attorneys for Defendant Wynn Las Vegas, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Angela Williams,<br><br>       Plaintiff,<br><br>    v.<br><br>WYNN LAS VEGAS, LLC; VENETIAN LAS VEGAS GAMING, LLC.; MGM GRAND HOTEL, LLC; THE MIRAGE CASINO-HOTEL, LLC; MANDALAY BAY, LLC; and MGM RESORTS INTERNATIONAL;<br><br>       Defendants. | Case No.<br><br><br>**DEFENDANT WYNN LAS VEGAS, LLC'S PETITION FOR REMOVAL** |

Defendant Wynn Las Vegas, LLC ("Wynn"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, respectfully gives notice of the removal of this action from the District Court, Clark County, Nevada, to the United States District Court for the District of Nevada.  In support of this Notice of Removal, Wynn states as follows:

## I.     INTRODUCTION

1.     On March 17, 2026, Plaintiff Angela Williams filed her Complaint naming Wynn as a defendant in the District Court, Clark County, Nevada, case number A-26-941866-C (the "State Court Action").  Wynn received the Complaint from Plaintiff's counsel via email on March 18, 2026, received a Waiver of Service from Plaintiff's counsel on March 20, 2026, and waived service of the Complaint on March 23, 2026.

2.     Removal is being effectuated within 30 days of the receipt of the Complaint, pursuant to 28 U.S.C. § 1446(b).

3.     Copies of all process, pleadings, orders, and other papers on file in the State Court Action are attached as follows:

- The Complaint and other documents filed with the State Court are attached as **Exhibit A**;

- All executed process in this case is attached as **Exhibit B**;

- The docket sheet for the State Court Action is attached as **Exhibit C**; and

- A list of all counsel of record presently known to Wynn and its undersigned counsel, including addresses, telephone numbers, and parties represented, is attached as **Exhibit D**.

4.     The Complaint purports to assert a claim under 18 U.S.C. § 1595, a federal statute.

5.     As set out below, removal of the State Court Action is proper because it is a civil action that arises from a federal statute and, therefore, is subject to the Court's original jurisdiction.  *See* 28 U.S.C. §§ 1331, 1441(a).

## II.    BASIS FOR REMOVAL

6.    This case is removable pursuant to 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

7.    Count I of the Complaint purports to assert a claim under 18 U.S.C. § 1595. *See* Complaint at ¶¶ 444–448.  That statute provides a federal cause of action that may be brought "in the appropriate district court of the United States."  18 U.S.C. § 1595.

8.    Because Plaintiff's Complaint purports to assert a claim arising under the laws of the United States, this action is within the original jurisdiction of this Court under 28 U.S.C. § 1331.  As such, this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

## III.    PROCEDURAL REQUIREMENTS

9.    Wynn received the Complaint from Plaintiff's counsel via email on March 18, 2026, received a Waiver of Service from Plaintiff's counsel on March 20, 2026, and waived service of the Complaint on March 23, 2026.

10.    Pursuant to 28 U.S.C. § 1446(a), correct copies of all process and documents filed in the State Court Action are attached as set out above as **Exhibits A–D**.

11.    Wynn will have a copy of this Notice of Removal filed with the Clerk of the Clark County District Court, and provide written notice to Plaintiff, as provided by 28 U.S.C. § 1446(d). A copy of the Notice is attached hereto as **Exhibit E**.

12.    In accordance with 28 U.S.C. § 1446(b)(2)(A), the following named Defendants have consented to removal: Venetian Las Vegas Gaming, LLC; MGM Grand Hotel, LLC; The Mirage Casino-Hotel, LLC; Mandalay Bay, LLC; and MGM Resorts International.  *Baiul v. NBC Sports, a division of NBCUniversal Media, LLC*, 732 F. App'x 529, 531 (9th Cir. 2018), as amended (June 13, 2018) ("[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action.").

13. In accordance with 28 U.S.C. § 1448, after removal, any future defendants to be served shall be served "in the same manner as in cases originally filed in such district court."

14. Venue is proper in the unofficial Southern Division of the District of Nevada, as the state court in which the action is pending is within the jurisdictional confines of the District of Nevada (*i.e.*, Clark County, Nevada). *See* 28 U.S.C. § 1446(a).

15. In removing this action, Defendants specifically reserve all rights and all defenses including, without limitation, all defenses specified in Federal Rule of Civil Procedure 12(b).

16. Wynn attaches a completed Civil Cover Sheet hereto as **Exhibit F**.

17. Simultaneously with the filing of this Notice of Removal, Wynn files its Disclosure Statement pursuant to Rule 7.1 of the Federal Rules of Civil Procedure.

## IV.  CONCLUSION

WHEREFORE, Defendant Wynn Las Vegas, LLC respectfully gives notice of the removal of the State Court Action to the United States District Court for the District of Nevada, and respectfully requests that this Court assume jurisdiction over this action.

Dated: April 17, 2026                    Respectfully submitted,

*/s/ Dawn Davis*
Patrick G. Byrne, Esq.
Nevada Bar No. 7636
Dawn Davis, Esq.
Nevada Bar No. 13329
SNELL & WILMER
1700 South Pavilion Center Drive, Suite 700
Las Vegas, NV 89135

Bethany Biesenthal, Esq. (*Pro Hac Vice Forthcoming*)
Alisann Anderson, Esq. (*Pro Hac Vice Forthcoming)*
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL  60606

Nicole Perry, Esq. (*Pro Hac Vice Forthcoming*)
JONES DAY
717 Texas Street, Suite 3300
Houston, TX 77002

*Attorneys for Defendant Wynn Las Vegas, LLC*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing **DEFENDANT WYNN LAS VEGAS, LLC'S PETITION FOR REMOVAL** with the Clerk of Court for the U.S. District Court, District of Nevada by using the Court's CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Dated April 17, 2026.

/s/ Lyndsey Mosbey
An employee of SNELL & WILMER L.L.P.

SNELL
& WILMER

5