UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANGELA WILLIAMS,<br>Plaintiff,<br>v.<br>WYNN LAS VEGAS, LLC, *et. al.*,<br>Defendants. | Case No. 2:26-cv-01187-JCM-EJY<br>**ORDER** |

Pending before the Court is Defendants' Motion to Stay Discovery Pending Resolution of Motions to Dismiss. ECF No. 53. The Court reviewed the Motion, Plaintiff's Response (ECF No. 55), and Defendants' Reply (ECF No. 56). For the reasons stated below, the Court stays discovery pending resolution of Defendants' Motions to Dismiss.

"District courts enjoy broad authority to manage their dockets and control discovery." *V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 361 (D. Nev. 2019) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). The existence of a dispositive motion does not ordinarily warrant a stay of discovery. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). However, Courts may limit discovery for good cause and continue to stay discovery when it is convinced the plaintiff will be unable to state a claim for relief. *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (citing *B.R.S. Land Investors v. United States*, 596 F.2d 353 (9th Cir. 1978)). Under certain circumstances it is an abuse of discretion to deny discovery while a dispositive motion is pending (*Tradebay*, 278 F.R.D. at 602) and, for this reason, a party seeking a stay of discovery carries the heavy burden of making a strong showing why the discovery process should be halted. *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). When deciding whether to issue a stay, courts take a "preliminary peek" at the merits of the dispositive motion pending in the case. *Buckwalter v. Nevada Bd. of Medical Examiners*, Case No. 2:10-cv-02034-KJD-GWF, 2011 WL 841391, at *1 (D. Nev. March 7, 2011). In doing so, the Court must consider whether the pending motion is potentially dispositive of the

entire case, and whether that motion can be decided without additional discovery. *Tradebay*, 278 F.R.D. at 602.

Moreover, the Court adopts a standard when reviewing the merits of the motion to dismiss that best effectuates Fed. R. Civ. P. 1 goals for the "just, speedy, and inexpensive" determination of actions. *Id*. at 602-03. Further, motions to dismiss are frequently part of federal practice and "[a]n overly lenient standard for granting motions to stay all discovery is likely to result in unnecessary discovery delay in many cases." *Trzaska v. Int'l Game Tech.*, Case No. 2:10-cv-02268-JCM-GWF, 2011 WL 1233298, at *4 (D. Nev. Mar. 29, 2011). For this reason, courts in the U.S. District of Nevada hold that "[a] stay of all discovery should only be ordered if the court is 'convinced' that a plaintiff will be unable to state a claim for relief." *Tradebay*, 278 F.R.D. at 603 (discussing holdings of *Twin City Fire Ins. v. Employers of Wausau*, 124 F.R.D. 652 (D. Nev. 1989), and *Turner Broadcasting*, 175 F.R.D. 554)).

Defendants demonstrate that a stay of discovery is properly granted. The pleading in the instant case is substantially similar to pleadings in seven other District of Nevada cases raising claims under the Trafficking Victims Protection Reauthorization Act ("TVPRA") all of which have been dismissed.[1] ECF No. 53 at 5. It is worth noting that in six of those cases the parties stipulated to stay discovery pending resolution of dispositive motions in order to conserve resources and protect the plaintiffs' privacy interests. *Alice J. v. Dhillon*, Case No. 3:25-cv-00246-MMD-CSD at ECF No. 43; *C.C. v. Rashid*, Case No. 2:23-cv-02056-GMN-BNW at ECF No. 121; *Marcy C. v. MGM Resorts Int'l*, Case No. 2:24-cv-2027-JCM-MDC at ECF Nos. 84, 100; *Parker v. Bally's Corp.*, Case No. 2:24-cv-01880-CDS-MDC at ECF No. 60; *Catelyn H. v. G6 Hosp., LLC*, Case No. 2:24-cv-00939-JCM-DJA at ECF No. 73; *Tyla D. v. MGM Resorts Int'l*, Case No. 2:24-cv-00698-APG-BNW at ECF No. 52.

---

[1] The seven cases referenced include: *Alice J. v. Dhillon*, Case No. 3:25-cv-00246-MMD-CSD, 2026 WL 622734, at *3-5 (D. Nev. Mar. 5, 2026); *C.C. v. Rashid*, Case No. 2:23-cv-02056-GMN-BNW, 2026 WL 252548, at *10 (D. Nev. Jan. 29, 2026); *Marcy C. v. MGM Resorts Int'l*, Case No. 2:24-cv-2027-JCM-MDC, 2025 WL 3187434, at *4-6 (D. Nev. Nov. 13, 2025), *dismissed,* 2026 WL 473206, at *3; *Christina T. v. Bellagio LLC*, 806 F.Supp.3d 1185, 1195-96 (D. Nev. Oct. 17, 2025); *Parker v. Bally's Corp.*, Case No. 2:24-cv-01880-CDS-MDC, 2025 WL 2421231, at *3-7 (D. Nev. Aug. 20, 2025); *Catelyn H. v. G6 Hosp., LLC*, Case No. 2:24-cv-00939-JCM-DJA, 2025 WL 929032, at *3-5 (D. Nev. Mar. 26, 2025); and *Tyla D. v. MGM Resorts Int'l*, Case No. 2:24-cv-00698-APG-BNW, 2024 WL 4839744, at *4 (D. Nev. Nov. 19, 2024).

Here, a preliminary peek at the Complaint supports a finding that the likelihood of dismissal is very high—in fact, the Court is convinced this case is unlikely to survive the motion to dismiss. Thus, a stay of discovery is warranted. While Plaintiff argues the contrary noting that not every TVPRA single claim brought in this District has been foredoomed from inception (ECF No. 55), the facts tell a different story. Specifically, Plaintiff states that the complaint in *A.H. v. Wynn Las Vegas, LLC, et. al.*, Case No. 2:24-cv-01041-GMN-NJK, survived a motion to dismiss, and in *Christina T. v., Bellagio LLC*, Case No. 2:25-cv-00145-JCM-DJA, the plaintiff's motion for leave to file an amended complaint was granted. ECF No. 55 at 9. However, as noted by Defendants in Reply, stays of discovery pending resolution of dispositive motions were granted in both of these matters. ECF No. 56 at 2. Further, in *A.H.*, the Court subsequently granted summary judgment in favor of Defendants. 2026 WL 2295631, at *1.

Plaintiff directs the Court to two appeals before the Ninth Circuit regarding dismissal of TVPRA claims and, in one of those appeals, the Ninth Circuit heard oral argument on the "marketplace" theory of liability Plaintiff raises in her Complaint. ECF No. 55 at 6, 9; Oral Argument, *Catelyn H. v. Boyd Gaming Corp., et. al.,* Case No. 25-4555, available at https://www.ca9.uscourts.gov/cases/streams-videos/archive?case=25-4555&hearingDate=2026-9-15. Plaintiff argues the Ninth Circuit's decision to hold oral argument demonstrates the appeal has merit and, thus, because that court is considering whether the prior dismissal was proper, this Court should not be convinced Plaintiff is unable to state a viable claim. *Id*. at 6. The Court does not find the existence of the appeals persuasive. If anything, the Court finds the fact of pending appeals favors a stay of discovery given the uncertainty in this area of the law. Accordingly, the Court finds in its discretion, a stay of discovery pending a decision on Defendants' Motions to Dismiss accomplishes the goals of Rule 1 to ensure this case in the least expensive manner possible.

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Stay Discovery Pending Resolution of Motions to Dismiss (ECF No. 53) is GRANTED.

IT IS FURTHER ORDERED that if this case is not dismissed in its entirety, the parties must, no later than 21 days after the Court's decision on Defendants' Motions to Dismiss is issued, submit a proposed discovery plan and scheduling order to the Court.

Dated this 7th day of October, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE